Argued July 29, decided October 6, 1908.

## HOLMES *v.* RIGGS.

[97 Pac. 551.]

MONEY RECEIVED—MONEY WRONGFULLY OBTAINED—PAYMENT TO PROTECT PROPERTY.

Where defendant loaned plaintiff a sum to discharge a trust deed, taking the land as security, on condition that plaintiff would pay a note due defendant from plaintiff's brother, plaintiff cannot, upon paying his own debt, recover from defendant the amount paid on his brother's note, under

the rule that one, illegally compelled to pay money to obtain possession of property or prevent its seizure, may recover it in an action for money had and received, since plaintiff voluntarily assumed payment of the debt, with full knowledge of the facts.

From Polk: GEORGE H. BURNETT, Judge.

This is an action for money had and received, in which A. M. Holmes is plaintiff and Pierce Riggs is defendant. At the close of plaintiff's testimony the court directed a nonsuit, and plaintiff appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Webster Holmes.*

For respondent there was a brief over the names of *Mr. Tilmon Ford* and *Mr. William M. Kaiser,* with an oral argument by *Mr. Kaiser.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action for money had and received. The complaint alleges that on January 8, 1907, defendant had and reecived from one O. West the sum of $1,771.12, in lawful money of the United States, for the use and benefit of plaintiff, and that plaintiff has demanded payment thereof from him. The answer is a denial of the averments of the complaint. The plaintiff was the only witness called on the trial, and at the close of his testimony the court directed a nonsuit, and he appeals.

From his testimony and the documentary evidence, it appears that in September, 1896, plaintiff was largely indebted to Ladd & Bush, Emma Riggs, and E. C. Keyt, to secure the payment of which he conveyed a large tract of land in trust to Seth Riggs. In October, 1903, the indebtedness being still due and unpaid, he applied to defendant for a loan sufficient to pay and discharge the same, and defendant agreed to make such loan, taking as security therefor the land previously conveyed to said Riggs, on condition that plaintiff would include therein the amount of a note for $1,000 and interest due defendant from his brother, W. H. Holmes. To this the plaintiff

voluntarily assented, and on October 12, 1903, defendant took up and paid all outstanding indebtedness of plaintiff, giving him the benefit of a discount thereon of about $1,400, and plaintiff caused said Riggs to convey to him the real estate referred to, to secure the payment of money so advanced and the amount due on the W. H. Holmes note, amounting in the aggregate to $12,683.67, which was to bear interest at the rate of 5 per cent per annum. Plaintiff was unable to pay such indebtedness at the time agreed upon, and on April 7, 1906, he voluntarily conveyed to defendant the real estate in question in satisfaction of such indebtedness, taking from him at the time an option to repurchase the property within a stipulated time, for the amount of such indebtedness and interest thereon. In January, 1907, plaintiff arranged, through Mr. West, to procure the money with which to make the repurchase, and on that date West, at his request, paid to defendant, on account of plaintiff, the sum of $14,307.66, being the amount due with accumulated interest, and defendant conveyed the property to plaintiff. After such transaction had been consummated, and the money paid over to defendant, plaintiff demanded repayment of the amount of W. H. Holmes' note and interest, $1,771.12, and defendant refusing to make such payment this action was begun.

Plaintiff contends that the amount of the W. H. Holmes note was illegally and unlawfully exacted from him by duress and without consideration. It may be stated, as a general rule, that where one is illegally compelled to pay money to prevent the seizure of his property, or to obtain possession thereof, he may, under some circumstances, recover it in an action for money had and received. 10 Am. & Eng. Enc. Law (2 ed.) 334, and notes; *Fout* v. *Giraldin,* 64 Mo. App. 165. But the circumstances of this case do not bring it within that rule. The assumption by plaintiff of W. H. Holmes' note and the subsequent payment thereof were voluntary acts on his part,

and not caused by duress or coercion of the defendant. Defendant did not have possession of the property, and did not threaten to take or seize it. He had no lien on the property, and could not have coerced him in any way. He simply agreed to furnish the money with which to pay plaintiff's indebtedness, on condition that plaintiff would assume and pay a note he held against W. H. Holmes. To this plaintiff voluntarily assented and agreed, without objection or protest. Defendant furnished the money according to the contract, and it, together with the amount due on the W. H. Holmes note, was subsequently voluntarily repaid to him by plaintiff or at his instance, without protest. It was a voluntary payment made by plaintiff, with full knowledge of all the facts, and cannot be recovered. Keener, Quasi Contracts, 26.

Judgment is therefore affirmed.          AFFIRMED.